UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ANTHONY LAMAR WILSON, JR.,

   Petitioner,

v.                                            Case No. 3:21cv988-MCR-HTC

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,

   Respondent.
                                   /

## ORDER

On July 13, 2023, the Magistrate Judge entered a Report and Recommendation ("R&R"), ECF No. 22, recommending the denial of Petitioner Anthony Lamar Wilson, Jr.'s amended habeas petition under 28 U.S.C. § 2254. The parties have been furnished a copy of the R&R and have been afforded an opportunity to file objections pursuant to 28 U.S.C. § 636(b)(1). The undersigned has made a *de novo* determination of all timely filed objections, and having carefully considered the R&R, the objections, and the record, finds that the R&R should be adopted as follows.

The undersigned finds it appropriate to briefly comment on the objections. As to Ground One—claiming actual innocence and the right to a new trial under the Fifth and Fourteenth Amendments—Wilson objects to the Magistrate Judge's

determination that Trevon Nelson's recantation of testimony regarding Wilson's participation in the crime does not warrant relief, and he asserts that the R&R contains "factual errors or omissions." Wilson urges the Court to conclude that a standalone claim of actual innocence should be cognizable under § 2254 and was factually established through the newly discovered evidence of Nelson's recantation, which was properly developed in the state court record.

The objection is overruled.[1] No case law supports the proposition that a standalone claim of actual innocence is viable, as the Magistrate Judge correctly stated. *See Herrera v. Collins*, 506 U.S. 390, 400 (1993) ("Claims of actual innocence based on newly discovered evidence have never been able to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding."). Wilson's objection which relies on a dissenting opinion in *Herrera* is not persuasive. Moreover, the undersigned finds no support for Wilson's argument that the R&R contains any factual errors or omissions. The Magistrate Judge correctly deferred to the state court's credibility determination. Under § 2254, a fact determination by the state court is "presumed to be correct," and a petitioner has "the burden of rebutting the

---

[1] The undersigned agrees with the Magistrate Judge's conclusion that this claim is exhausted. Wilson relied on federal cases and expressly argued in a Rule 3.850 post hearing memorandum that this newly discovered evidence shows that his Fifth and Fourteenth Amendment rights were violated. *See* ECF No. 17–43 at 84.

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Wilson has not met this burden but focuses instead on isolated facts that fall far short of clear and convincing evidence that the state court's credibility determination was unsupported. The state court's order plainly reflects a thorough consideration of the totality of the circumstances underlying the decision. *See* ECF No. 17–43 at 144–147 (finding the credibility of Nelson's affidavit undermined by his own prior sworn recantation, the evidence at trial, and Nelson's behavior, demeanor, and evasive testimony at the evidentiary hearing and concluding: "The Court is satisfied that Nelson's affidavit, sworn recantation, and testimony at the evidentiary hearing, are all false."). The state court's denial of this claim has not been shown to be unreasonable in light of the record, as concluded in the R&R, which the undersigned adopts. *See* 28 U.S.C. § 2254(d)(2).

As to Ground Two, Wilson claims that the prosecutor improperly shifted the burden of proof by commenting on Wilson's silence through his failure to present an alibi, in violation of his due process rights.[2] Wilson argues in his Amended Petition that he did not present an alibi defense at trial and therefore the state

---

[2] In his amended postconviction Rule 3.850 motion, Wilson argued that trial counsel was ineffective in failing to move to exclude the video evidence of his interrogation, citing the *Strickland* standard, *see Strickland v. Washington*, 466 U.S. 668 (1984), and the issue was also presented in his appeal brief as ineffective assistance of counsel. In Wilson's federal habeas Amended Petition, however, the claim is not couched as an ineffective assistance claim but rather a due process claim.

Case No. 3:21cv988-MCR-HTC

prosecutor impermissibly commented on its absence. First, on *de novo* review of the R&R, the undersigned rejects the conclusion that this claim was exhausted, *see* ECF No. 22 at 19 n.9, and concludes, to the contrary, that it was not.[3]

Nevertheless, the undersigned considers the merits in the alternative. The Magistrate Judge determined that the prosecutor in fact did not comment on Wilson's silence or failure to produce evidence, and Wilson argues that the Magistrate Judge's "finding" is factually inaccurate. The undersigned disagrees. To the contrary, the record reflects that it is Wilson who mischaracterizes the proceedings—no impermissible burden-shifting occurred at trial. The transcript

---

[3] The issue was raised in Wilson's direct appeal as a challenge to the trial court's discretionary evidentiary ruling, but there was no express reference to any federal constitutional right or federal law in his appellate brief. While Wilson made one isolated reference to "due process" in his brief, ECF No. 17–33 at 12, and one case cited by Wilson referenced "due process," *see Jackson v. State*, 575 So. 2d 181 (Fla. 1991), neither Wilson nor *Jackson* cites the United States Constitution or any federal caselaw on the issue. Notably, the Florida Constitution also has a due process clause that precludes comment on a defendant's silence. *See* Fla. Const. art. I § 9; *Rodriguez-Olivera v. State*, 328 So. 3d 1080, 1086 (Fla. 2nd DCA 2021) ("The privilege against self-incrimination guaranteed by article I, section 9 of the Florida Constitution 'offers more protection than the right provided in the Fifth Amendment to the United States Constitution.'" (quoting *State v. Horwitz*, 191 So. 3d 429, 439 (Fla. 2016)); *see also State v. Smith*, 573 So.2d 306, 317 (Fla. 1990) ("Our cases have made clear that courts must prohibit all evidence or argument that is fairly susceptible of being interpreted by the jury as a comment on the right of silence."). In a federal habeas proceeding, it is not enough that the underlying facts to support a federal claim were present or that a "'somewhat similar state-law claim'" was raised—"the petitioner must make the state court aware that the claims asserted present federal constitutional issues." *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998) (quoting *Anderson v. Harless*, 459 U.S. 4, 5–6 (1982)). Nothing in Wilson's state court appellate brief put the court on notice that he was arguing a federal issue, and the court affirmed without comment. The claim is therefore procedurally barred by the failure to raise it in his direct appeal, and any attempt to exhaust the claim now would be futile. *See Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1296-97 (11th Cir. 2015) (petitioner's due process claim was unexhausted where he did not cite to the Constitution or even mention "due process" before the state courts).

Case No. 3:21cv988-MCR-HTC

shows that the prosecutor merely quoted the evidence—Wilson's own statements to the investigator about his whereabouts during the incident—in an attempt to show that Wilson's statements were untruthful.[4]  The prosecutor did not argue that the defendant failed to present an alibi witness or raise an issue of who this person was or where he/she was.  The prosecutor commented fairly by merely quoting the evidence and urging the jury to consider the evidence as a whole.  The objection is overruled, and the R&R on is adopted, except as to the exhaustion issue.

Wilson also objects to the R&R's disposition of Ground Three—ineffective assistance for the failure to sever his trial from that of his co-defendant.  Wilson argues that the Magistrate Judge impermissibly gave trial counsel credit for making a strategic decision that she never contemplated.  The undersigned disagrees. Wilson must overcome a "strong presumption" that his attorney "rendered reasonable

---

[4] During closing arguments, the prosecutor quoted Wilson's statements from his videotaped interrogation about his whereabouts on the night of the murder. The prosecutor argued: "[H]e told the police he had an alibi.  He was at a girl's house right near his grandmother's but he wouldn't identify her.  And he told Detective Parsons, Come to trial.  You'll see her.  She'll be there." ECF No. 17–32 at 39.  The prosecutor next gave his summation: "When you go back to the jury room and you think about this case and you think about all of the evidence that points towards the guilt of both of these men, the photo lineups by Monica Watkins, the cell phone records, the DNA, the testimony of Trevon Nelson that is corroborated by independent evidence that he knew nothing about, I'd suggest to you that all of that evidence points to one conclusion . . . that both of them are guilty." *Id.* at 39–40.  Then to rebut defense counsel's argument that Wilson had been confused over the dates, the prosecutor argued, "[Defense counsel] tries to tell you that, oh, Mr. Wilson and this alibi thing was because they [asked] where were you on the 23rd, not 2 a.m. on the 24th. Come on. Seriously?  Watch the video again. . . . He knew the timeframe they were talking about.  He said, I got an alibi and she'll be there.  Come to trial.  She'll be there.  He said he had no involvement.  He's brought in.  He's told he's charged with murder, . . . and Anthony Wilson denies involvement.  Does that sound familiar?  Trevon Nelson did the same thing." ECF No. 17–32 at 109–110.

Case No. 3:21cv988-MCR-HTC

professional assistance." *Dingle v. Sec'y for Dep't of Corr.*, 480 F.3d 1092, 1099 (11th Cir. 2007) (citing *Strickland*, 466 U.S. at 689). And on habeas review, the question is not whether the federal court finds the state court's decision was incorrect, but instead, "whether that determination was unreasonable—a substantially higher threshold." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)). Also, in evaluating the claim, the Court must "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. The postconviction trial court considered the evidence and determined that defense counsel's professional assessment of the severance issue was based on her research, her knowledge of the evidence, as well as her familiarity with the practices of this trial judge. The trial court found that she made a strategic decision and that the decision was not objectively unreasonable or prejudicial in light of the record showing that neither defendant implicated the other, neither gave incriminating statements, their defenses were not adverse, and the jury verdicts indicate the jury was able to separate the evidence (concluding in part that Wilson did not possess a firearm but his codefendant did). The undersigned agrees with the Magistrate Judge that this conclusion is not unreasonable in light of the record nor is it an unreasonable application of any Supreme Court precedent. It is apparent from the record that counsel considered alternatives and made a strategic decision that the evidence did not support severance. It is not clear that no reasonable attorney

would have chosen to forego the motion to sever. Notably, under Florida law, "the decision on whether to grant a motion to sever is generally within the trial court's discretion," *Miller v. State*, 756 So. 2d 1072, 1072 (Fla. 4th DCA 2000), and the fact counsel could have reasonably reached a different decision as to whether to file the motion is not enough to establish deficient performance. Nor has Wilson demonstrated a "substantial" likelihood of a different outcome on this record. *Harrington v. Richter*, 562 U.S. 86, 112 (2011); *see also Dingle*, 480 F.3d at 1099 (even an unwise decision does not amount to "ineffective assistance" unless it was "so patently unreasonable that no competent attorney would have chosen it.") (internal quotations omitted). The objection is overruled.

In Ground Four, Wilson claims ineffective assistance of counsel for the failure to investigate and call Stacey Gulley as a witness.[5] Wilson argues that the Magistrate Judge erred in finding no deficient performance because Gulley had not contacted defense counsel. Wilson argues that whether Gulley contacted defense counsel with

---

[5] Gulley testified at the postconviction hearing that she had been friends with Watkins, who provided identification testimony at trial, and Gulley would have testified if subpoenaed. Watkins was the fiancé of Hackworth, the murder victim, and had been present in their residence when the crime began—three men held Hackworth at gunpoint and then took him away from the residence and eventually Hackworth was found murdered. Watkins told police that one was masked but the other two were not—one she described as having gold teeth and the other as having dreadlocks. She later picked Wilson and his codefendant out of lineups and provided identification testimony at trial. Gulley said she had repeatedly asked Watkins whether she recognized any of the perpetrators but Watkins told her she did not. Wilson argues that if Gulley had testified at trial, her testimony would have undermined Watkins's identification of him. *See* ECF No. 17–43 at 140–41, 152 (postconviction order denying relief); ECF No. 22 (R&R).

Case No. 3:21cv988-MCR-HTC

information was not relevant because a defense attorney is required under *Strickland* to make a reasonable investigation.  He also argues that the Magistrate Judge misstated Gulley's testimony as suggesting she was unavailable to be a witness, when she instead had testified that she "most definitely" would have testified under subpoena.  On *de novo* review, these objections are overruled as the undersigned finds no error of fact or law in the R&R.  The postconviction court, after hearing the testimony, determined there was no deficient performance because defense counsel had been aware of Gulley but believed Gulley to be untrustworthy.  In making the determination, the court afforded Gulley's testimony "little weight" finding her to be biased in in favor of Wilson's codefendant and influenced by her sons, who told Gulley not to become involved, making it unlikely that she would have testified.  These factual findings, based on inferences from the evidence and demeanor of the witnesses, are not inconsistent with the record and therefore must be accorded deference.  Wilson has not rebutted the presumption of correctness by clear and convincing evidence as required under 28 U.S.C. § 2254(e)(1).

The state court also determined that there was not a substantial likelihood of a different outcome even if Gulley had testified and presented this additional impeachment of Watkins's identification evidence, because Watkins maintained all along that she did not know or recognize the suspects, consistent with Gulley's testimony.  Yet, Watkins provided detailed descriptions and identified Wilson and

his codefendant in lineups.  The undersigned agrees with the Magistrate Judge that the state court's decision finding no ineffective assistance of counsel on this ground was not unreasonable in light of the record or any Supreme Court precedent.

Accordingly:

1.  The Magistrate Judge's Report and Recommendation, ECF No. 22, is adopted consistent with this Order and incorporated by reference, except as to footnote 9 of the R&R, which is rejected.

2.  The Clerk of the United States District Court for the Northern District of Florida is directed to enter the following judgment: "The Amended Petition, challenging the conviction in *State v. Wilson*, 2013 CF 758, in the First Judicial District, in and for Escambia County, Florida, ECF No. 7, is **DENIED** without an evidentiary hearing."

3.  A certificate of appealability is **DENIED**.

4.  The Clerk is directed to close the file.

**DONE AND ORDERED** this 23rd day of May 2024.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**